Westlake Servs., LLC v Clark (2025 NY Slip Op 50969(U))

[*1]

Westlake Servs., LLC v Clark

2025 NY Slip Op 50969(U)

Decided on June 12, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 12, 2025
Supreme Court, Westchester County

Westlake Services, LLC, DBA Westlake Financial Services, Plaintiff,

against
Treena Clark, Defendant.

Index No. 58697/2025

Mandarich Law Group, LLP
Attorneys for Plaintiff
600 Essjay Rd., Suite 200
Williamsville, NY 14221 
Treena Clark

Linda S. Jamieson, J.

The following papers numbered 1 to 2 were read on this motion:
Papers Numbered
Notice of Motion and Affirmation 1
Affirmation and Exhibits [FN1]
in Opposition 2
Defendant brings her motion seeking to dismiss the complaint in this collection matter involving a car which defendant had financed through plaintiff, but which defendant asserts spontaneously combusted through no fault of hers, becoming a total loss. Defendant details that she not only had insurance for the car, but also gap insurance. She claims that even though plaintiff was made whole by the insurance and gap insurance payments, plaintiff still listed the car as a repossession. This both added expenses to the charges, and also has also damaged her credit. Defendant also asserts that she was not personally served with the summons and [*2]complaint.[FN2]

In its papers in opposition, plaintiff fails to respond to the repossession charges. A review of the Account Detail shows that plaintiff did indeed add charges for a repossession. Plaintiff also added significant charges for interest and late fees, even after it knew that the car was a loss and that payment would be coming from the insurance company and gap insurance. The Court notes that in the complaint, plaintiff seeks $3,634.25. Yet in the opposition papers, plaintiff admits that approximately sixteen months before it commenced this action, it did receive an additional gap insurance payment, reducing the balance to $2,988.89. This balance includes the improper repossession charges, as well as interest and late charges. 
Given all of these disparities, and what appears to be a troubling lack of attention to detail, the Court grants the motion and dismisses the complaint without prejudice. Should plaintiff commence a new action, it must take care to review all of the charges, correct all of its mistakes and serve defendant properly. It should also take all appropriate steps to remove the repossession charges from the account so that defendant's credit can be restored.
Plaintiff is directed to serve a copy of this Decision and Order on defendant by overnight mail and email within two business days of receipt. Plaintiff shall upload an affidavit of service once it has done so. 
The foregoing constitutes the decision and order of the Court.
Dated: June 12, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1:Exhibits must be uploaded separately. Should plaintiff again fail to follow the Part Rules, the Court may disregard its submission.

Footnote 2:The Court notes that defendant states that she is in her early twenties, yet the affidavit of service claims to have served a woman who was 25-35.